# NOS. 12-19-00361-CR
## 12-19-00362-CR
## 12-19-00363-CR
## 12-19-00364-CR
## 12-19-00365-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERRY JAMES LENNOX, APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Terry James Lennox appeals his convictions for evading arrest with a motor vehicle, felony driving while intoxicated (DWI), unauthorized use of a vehicle, and two counts of aggravated assault on a public servant. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with evading arrest with a motor vehicle,[1] DWI with two previous DWI convictions,[2] unauthorized use of a vehicle, enhanced by two previous

---

[1] A third-degree felony as charged. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2016).

[2] A third-degree felony as charged. *See id.* §§ 49.04(a) (West Supp. 2020), 49.09(b)(2) (West Supp. 2020).

state jail felony convictions,[3] and two counts of aggravated assault on a public servant.[4] He pleaded "guilty" to each offense and true to each enhancement paragraph. The trial court ordered a presentence investigation report, and the matter proceeded to a bench trial on punishment.

At the punishment trial, the only witness called was Appellant's mother, Ladonna Fox. She testified generally about Appellant's long struggle with mental illness. Fox additionally testified that on the date of the offenses, she thought Appellant was under the influence of drugs. However, because she later found "his bottle that [she] thought he drank" in his room, she came to believe instead that he "was having an attack."

Ultimately, the trial court assessed Appellant's punishment at imprisonment for eight years in the evading, DWI, and unauthorized use cases, and forty-five years in each aggravated assault case. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel relates that she has reviewed the record and found no reversible error or jurisdictional defects. In compliance with ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[5]

Appellant contends in his pro se response that (1) Texas Rule of Evidence 609's limit on using evidence of a witness's conviction after ten years have passed was violated by the inclusion of one of Appellant's prior convictions in an enhancement paragraph, (2) the prosecutor improperly impugned his character during closing arguments by arguing that Appellant's mental illness did not cause him to commit the offenses, (3) the evidence in one of his aggravated assault cases is insufficient because the police officer jumped in front of Appellant's vehicle, and (4) his plea was involuntary because of his mental illness.

---

[3] A third-degree felony as charged. *See id.* §§ 12.425(a) (West 2019), 31.07 (West 2016).

[4] Each a first-degree felony as charged. *See id.* §§ 22.01(a)(1), (2) (West Supp. 2020), 22.02(a)(2), (b)(2)(B) (West 2019).

[5] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

When faced with an *Anders* brief and a pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We conducted an independent review of the record in this case and found no reversible error. *See id.* We conclude that the appeal is wholly frivolous. *See id.*

## COURT COSTS

In reviewing the record, we found an error in the amount of court costs in one of the judgments. We have the authority to reform a judgment in an *Anders* appeal and affirm the judgment as reformed. *See* TEX. R. APP. P. 43.2(b); *Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

The imposition of court costs on a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). In reviewing the assessment of court costs, we review the record to determine whether there is a basis for the costs. *Id.*

In Appellant's DWI case, the final judgment imposes $488.00 in court costs. A bill of costs in the record lists the description and amount of each cost and includes a $34.00 "DNA Testing Fee." At the time of Appellant's offense and conviction, former Section 102.020 of the code of criminal procedure provided that a person must pay a court cost of $34.00 for DNA testing when he was placed on community supervision. Act effective Sep. 1, 2001, 77th Leg., ch. 1490, § 6, *repealed by* Act effective Jan. 1, 2020 86th Leg., ch. 1352, § 1.19(7). Because Appellant was not placed on community supervision in this case, there is no basis in the record for the $34.00 DNA testing fee. *See id.*; *Johnson*, 423 S.W.3d at 390.

We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the amount of court costs in this case, we conclude that the judgment in trial court Cause No. 007-1075-19 should be modified to reflect that the amount of court costs is $454.00. *See id.*; TEX. R. APP. P. 43.2(b).

CONCLUSION

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we ***grant*** counsel's motion for leave to withdraw. We ***affirm*** the trial court's judgments in Cause Nos. 007-1072-19, 007-1073-19, 007-1074-19, and 007-1076-19. We ***modify*** the trial court's judgment in Cause No. 007-1075-19 to reflect that the amount of court costs is $454.00 and ***affirm*** the judgment as modified.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered April 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 21, 2021**

**NO. 12-19-00361-CR**

**TERRY JAMES LENNOX,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1072-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 21, 2021

NO. 12-19-00362-CR

**TERRY JAMES LENNOX,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1073-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 21, 2021**

**NO. 12-19-00363-CR**

**TERRY JAMES LENNOX,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1074-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 21, 2021**

**NO. 12-19-00364-CR**

**TERRY JAMES LENNOX,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1075-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that the amount of court costs is $454.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 21, 2021**

**NO. 12-19-00365-CR**

**TERRY JAMES LENNOX,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1076-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*